TRULINCS 46770177 - SANDERS, KEILON VIDAL - Unit: FTW-J-A

---

FROM: 46770177
TO:
SUBJECT:
DATE: 05/01/2014 02:40:18 PM



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| V. | ) NO. 3:13-CR-295-K |
| KEILON VIDAL SANDERS (18) | ) |

Motion to Terminate Counsel

Keilon Vidal Sanders, a natural person in the instant cause, I am coming to this District Court of Northern District of Texas Dallas Division to present MOTION TO TERMINATE COUNSEL and shows:

FACTS

1. I have repeatedly commanded my attorney to file a WITHDRAWAL of the PLEA BARGAIN and she has repeatedly failed to respond to my commands or to me regarding filing said WITHDRAWAL of the PLEA BARGAIN. Although trial counsel, while held to a standard of "reasonable effectiveness" is still only an assistant to the defendant and not the master of the defense, the court "must give great deference to choices which are made under the explicit direction of the client." Mulligan v. Kemp, 771 F.2d 1436, 1441(11th Cir. 1985), cert. denied, 480 U.S. 911, 107 S. Ct. 1358, 94 L. Ed. 2d 529 (1987)

2. A defendant alleging ineffective assistance generally must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v Washington, 466 US 668, 694, 80 L. Ed. 2d 674, 104 S. Ct. 2052. An exception to this general rule presumes a probable effect upon the outcome where assistance of counsel has denied entirely or during a critical stage of the proceeding. Mickens v Taylor, 535 US 162, 152 L. Ed. 2d 291, 122 S. Ct. 1237.

3. "An accused, in the exerise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury, and so likewise may he competently and intelligently waive his Constitutional right to assistance of counsel." Faretta v California, 422 US 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) see also, United States v Daniels, 572 F.2d 535, 572 F.2d 540 (1978) see also, United States v Masat, 896 F.2d 88, 896 F.2d 92 (5th Cir. 1990)

4. "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have cumpulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence." Faretta v California, 422 US 806, 95 S. Ct. 2525, 422 US 818 (1975)

TRULINCS 46770177 - SANDERS, KEILON VIDAL - Unit: FTW-J-A
--------------------------------------------------------------------------------

*Keilon V. Sanders*
Keilon Vidal Sanders
Sui Juris



NORTH TEXAS TX P&DC
DALLAS TX 750
02 MAY 2014 PM 4 L

LEGAL

☼46770-177☼
Us Clerk Northern District
1100 Commerce ST
Rm 1452
Dallas, TX 75242
United States

☼46770-177☼
Kielan Sanders
Federal Correctional Institiution
P.O. BOX 15330
FORT Worth, TX 76119
United States